UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81160-ROSENBERG

LATONYA L. DUKES,

    Plaintiff,

v.

RIC BRADSHAW, in his official capacity as Sheriff of Palm Beach County

    Defendant.
_____/

## ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on the Defendant's Motion for Summary Judgment at docket entry 29. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted and summary judgment is entered in favor of the Defendant.

The Plaintiff filed this case under the Fair Labor Standards Act, alleging that the Defendant, her prior employer, did not pay her overtime. At the time she initiated suit, the Plaintiff alleged that she was owed $9,772 in unpaid overtime. DE 8 at 1. Later, when providing her initial disclosures, the Plaintiff reduced her damages demand to $1,190. DE 28 at 6.

The type of unpaid work that Plaintiff seeks damages for consists of answering phone calls after her normal work hours, researching answers to questions, and returning the answer to the person who called her. *Id.* Because the Plaintiff's damages are therefore sourced in phone calls, the Plaintiff issued a subpoena to AT&T for the Plaintiff's call records. *Id.* After receipt of that evidence, the Plaintiff again amended her initial disclosures. *Id.* However, she did not provide a different damages demand in her amendment—she removed her quantified damages from the

disclosure. *Id.* Relatedly, at her deposition the Plaintiff testified that she did not know how much she was seeking in unpaid overtime. *Id.*

The Defendant attempted to quantify the Plaintiff's damages through interrogatories. *Id.* at 7. When the Plaintiff was asked to identify the phone calls (from AT&T's records) for which she was unpaid, she identified just 61 phone calls. *Id.*

Of the 61 phone calls, many record zero time. *Id.* at 8. Others were placed or received on weeks that the Plaintiff worked less than 40 hours, was sick, or was on vacation. *Id.* Some were placed during the Plaintiff's normal work hours—hours when she would not be entitled to overtime. *Id.* Finally, some of the phone calls identified by the Plaintiff are duplicative; the same call is recorded twice in the phone records. *Id.* Accordingly, the total amount of time that the Plaintiff spent on the phone for her 61 identified calls that might be compensable as overtime consists of 20 minutes across fourteen months of work. *Id.* Based upon her hourly rate, the Plaintiff therefore might be entitled to 29 dollars and 8 cents. DE 8.

The Plaintiff does not dispute, as a general matter, the tabulation of the 20 minutes of time in the phone records. DE 34 at 3. Rather, the Plaintiff contends that she spent more time working than the phone records reflect. *Id.* Citing to her own declaration, she attests that she would receive a phone call after hours, spend about 15 minutes researching an answer, and then return the phone call with the answer. *Id.* No reasonable juror[1] could credit the Plaintiff on this issue, however, because the phone records do not support the Plaintiff's declaration.

---

1 At summary judgment, there must be evidence upon which a reasonable jury could rely to find in favor of the plaintiff. *E.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Although the Plaintiff's position on the number of calls at issue is somewhat confusing, for the reasons set forth in the Motion and Reply the Court is persuaded that the amount of time at issue in this case is *de minimus*.

The phone records do not show incoming phone calls, followed by a period of research, followed by a returned call—they do not show returned calls. DE 28-2; 28-8; 34-2; 35-4; 35-5. The Court therefore analyzes whether the Plaintiff may proceed in this suit for 20 minutes of unpaid overtime across 14 months of employment.

The Plaintiff concedes that she is not seeking "a large sum," and that "[t]his likely raises the question as to why the parties have engaged in discovery and are now expending the resources required for this motion." DE 23 at 1. The unnecessary expenditure of (considerable) resources in litigation is one reason why employers are not required to pay employees for activities that are *de minimis*. *See Burton v. Hillsborough Cnty.*, 181 F. App'x 829, 833 (11th Cir. 2006) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946)). To determine whether uncompensated time is *de minimus*, courts routinely look at the unpaid time accrued per day, not the aggregate amount claimed. *See Chao v. Tyson Foods, Inc*., 568 F. Supp. 2d 1300, 1319 (N.D. Ala. 2008) ("the proper focus is on the aggregate amount of uncompensated time . . . per day, not the total number . . . over any length of time."). Relatedly, courts also look to whether the unpaid time was regular or sporadic. *Mitchell v. Adams*, 129 F. Supp. 377, 381 (M.D. Ga. 1955); *see Brantley v. Ferrell Elec., Inc*., 112 F. Supp. 3d 1348, 1373 (S.D. Ga. 2015) (finding that plaintiff's activity was regular and not *de minimis* when plaintiffs "testified or averred that they arrived at or before 6:45 AM every day 'to start loading trucks,' except for a handful of times they ran late."); *Edmund v. City of Fort Myers*, No. 2:10-cv-474, 2012 WL 28224, at *8 (M.D. Fla. Jan. 5, 2012) (finding that "approximately 30 minutes early each day" was not *de minimis*).

Here, not only was the Plaintiff's unpaid time very small, it was also very sporadic. In light of this, the Court is not presented with a close question. The Plaintiff's 20 minutes of unpaid time

3

over 14 months was *de minimus*, and the Defendant had no obligation to compensate the Plaintiff for that time. *See Shearer v. Edger Assocs.*, No: 8:14-cv-2689, 2015 WL 9274928, at *1 (M.D. Fla. Dec. 18, 2015) (granting summary judgment because time plaintiff spent uploading ultrasounds at home was *de minimis*); *Contini v. United Trophy Mfg.*, No. 6:06-cv-432, 2007 WL 1696030, at *6 (M.D. Fla. June 12, 2007) (granting summary judgment because "[t]he few minutes before or after work that [p]laintiff may have spent working is considered by this [c]ourt to be *de minimis*."); *Jackson v. Haynes & Haynes, P.C.*, No. 2:16-cv-01297-AKK, 2017 WL 3173302, at *4 (N.D. Ala. July 26, 2017) (granting summary judgment because time plaintiff spent sending an email and text message was *de minimis*).

Accordingly, it is **ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment is granted, the Defendant shall submit a proposed judgment in Microsoft Word format to rosenberg@flsd.uscourts.gov, and this case is **CLOSED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of May, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE